UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JACOB J HIGGINS**                                    **CASE NO.  2:25-CV-00611**

**VERSUS**                                             **JUDGE JAMES D. CAIN, JR.**

**CONTINENTAL SERVICE GROUP L L C**    **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 12] filed under Federal Rule of Civil Procedure 12(b)(6) by defendant Continental Service Group LLC ("ConServe"). The motion is regarded as unopposed.

### I.
### BACKGROUND

This suit arises from a collection letter sent by ConServe to plaintiff on March 21, 2025, concerning an account owed to the Internal Revenue Service ("IRS").[1] Plaintiff, who is pro se in this matter, filed suit against ConServe in this court on May 5, 2025. Doc. 1. He raises claims under the Federal Dept Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401 *et seq.* Specifically, plaintiff alleges that ConServe violated the FDCPA by failing to properly validate the tax debt after receiving a written dispute and continuing collection

---

[1] Plaintiff alleges that ConServe sent him a debt collection notice relating to his alleged tax debt on March 21, 2025, which plaintiff formally disputed via written correspondence sent on March 27. Doc. 1, ¶¶ 7, 8. ConServe responded on April 1 "but failed to provide sufficient validation . . . ." *Id.* at ¶ 9. After plaintiff issued "a formal Notice of Insufficient Validation," Conserve responded on April 22 with correspondence "stating it had returned the account to the IRS." *Id.* at ¶¶ 10–11.

efforts without lawful verification. *Id.* at ¶¶ 15, 16. He also alleges that ConServe violated the FDCPA and LUTPA by employing deceptive and unlawful trade practices in connection with its attempts to collect on his tax debt. *Id.* at ¶¶ 16, 18.

## II.
### LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## B. Application

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It "should . . . be construed broadly and in favor of the consumer" to effectuate its remedial scope. *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016) (internal quotations and citations omitted). To state a claim under the FDCPA, a plaintiff must show (1) that he was the object of debt collection activity arising from a consumer debt; (2) that the defendant is a debt collector as defined under the FDCPA, and (3) that the defendant engaged in conduct prohibited by the FDCPA. *Douglas v. Select Portfolio Svcg., Inc.*, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015).

Under the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household services, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). "In simpler terms, FDCPA debts are payment obligations of (1) a consumer arising out of (2) a transaction in which the money, property, insurance or services at issue are (3) primarily for personal, family or household purposes." *Calogero v. Shows, Cali & Walsh, LLP*, 970 F.3d 576, 581 (5th Cir. 2020) (internal quotations omitted). Courts generally interpret the transaction element to require a consensual consumer transaction arising out of the provision of a service or exchange of an item of value. "[A]t a minimum, the statute contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value." *Beauvoir v. Israel*, 794 F.3d 244, 247 (5th Cir. 2015) (quoting *Beggs v. Rossi*, 145 F.3d 511, 512 (2d Cir.

1998)). Accordingly, "taxes are not consumer debts" under the FDCPA. *Avwara v. Comm'r of the Internal Revenue US Treasury*, 2019 WL 11505771, at *2 (W.D. Tex. Oct. 31, 2019). Plaintiff's claims are predicated on ConServe's efforts to collect an account owed to the IRS. This account does not qualify as a debt within the scope of the FDCPA's protection and so any alleged actions by ConServe are not actionable under that statute.

Meanwhile, LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" La. R.S. § 51:1405(A). Violations of LUTPA are determined on a case-by-case basis. *Grigsby & Assoc., Inc. v. City of Shreveport*, 294 F.Supp.3d 529, 546 (W.D. La. 2018) (citing *Volentine v. Raeford Farms of La., LLC*, 201 So.3d 325, 353 (La. Ct. App. 2d Cir. 2016)). But the court should only find a practice unfair under the statute when it "offends established public policy and is immoral, unethical, oppressive, or unscrupulous." *IberiaBank v. Broussard*, 907 F.3d 826, 839 (5th Cir. 2018) (quoting *Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.*, 292 F.3d 471, 480 (5th Cir. 2002)).

Plaintiff alleges that ConServe violated LUTPA by "[f]ailing to verify the debt upon written demand" and "[s]ending misleading and inadequate responses under the guidance of compliance." Doc. 1, ¶ 18. Accordingly, his LUTPA claim arises from ConServe's failure to comply with the FDCPA—a statute that is inapplicable ConServe's efforts to collect on plaintiff's account owed to the IRS. Additionally, the complaint shows that ConServe (1) informed plaintiff via March 2025 correspondence that his tax debt was past due, (2) provided validation on request, and (3) ceased collection activity and returned the account to the IRS after plaintiff sent notice that he considered the validation provided

insufficient. Doc. 1, ¶¶ 7, 11. The court can find no basis to determine that this conduct offends established public policy or is otherwise "immoral, unethical, oppressive, or unscrupulous." *IberiaBank*, 907 F.3d at 839. Plaintiff's claims are therefore without merit.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 12] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 12th day of March, 2026.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

Page 5 of 5